# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | | |
|---|---|---|
| **ERIC DEMETRIUS EVANS, 249159** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:07-CV-345-MHT** |
| | ) | |
| **WILLIE THOMAS, et al.,** | ) | |
| | ) | |
| **Defendants** | ) | |
| | ) | |
| | ) | |

## SPECIAL REPORT

Come now the Defendants, **Willie Thomas, Richard Allen, Mark Loman and Robert Rogers**, by and through Troy King, Attorney General for the State of Alabama, and in accordance with this Honorable Court's Order of April 24, 2006, do hereby submit the following Special Report.

## PARTIES

1. The Plaintiff, Eric Demetrius Evans, is an Alabama Department of Corrections ("ADOC") inmate, who is presently incarcerated at the Elmore Correctional Facility in Elmore, Alabama.

2. Plaintiff has named the following Defendants:

   a. Willie Thomas, who is employed as a Warden III at the Elmore Correctional Facility in Elmore, Alabama.

   b. Richard Allen, who is employed as the Commissioner of the Alabama Department of Corrections in Montgomery, Alabama.

    c.   Mark Loman, who is employed as a Correctional Sergeant at the Elmore Correctional Facility in Elmore, Alabama.

    d.   Robert Rogers, who is employed as a Lieutenant at the Elmore Correctional Facility in Elmore, Alabama.

## DEFENDANTS EXHIBITS

In accordance with this Court's Order, the Defendants submit the following exhibits:

Defendants' Exhibit 1 - Affidavit of Warden Willie J. Thomas with attached incident and disciplinary reports;

Defendants' Exhibit 2 - Affidavit of Sergeant Mark Loman;

Defendants' Exhibit 3 - Notary log for March 19, 2007 through May 22, 2007 for Defendant Loman.

## PLAINTIFF'S ALLEGATIONS

The Plaintiff makes three allegations in his complaint against the Defendants in both their official and individual capacities.  Plaintiff alleges a violation of his right of access to the courts.  He claims that on April 10th, 2007, the Defendant, Sgt. Loman, refused to notarize a copy of a civil complaint Plaintiff wished to file.  Plaintiff claims that he was unable to file his lawsuit as a result of Sgt. Loman's alleged refusal to notarize the document.  Plaintiff further alleges that Sgt. Loman was motivated by racial bias when he refused to notarize said document.

The Plaintiff's second allegation revolves around a grievance that he filed against Defendant Loman as a result of his refusal to notarize the Plaintiff's document.   In his grievance that was filed with Warden Thomas,  the Plaintiff alleged that Defendant acted

2

unprofessionally and arbitrarily when he refused to notarize the Plaintiff's documents. Upon being informed of the grievance by Warden Thomas, Defendant Loman filed a disciplinary against the Plaintiff charging that the Plaintiff had violated Rule 41 by lying or making false statements in his grievance against Defendant Loman, and Rule 57, Insubordination. Thus, the Plaintiff alleges in his complaint that this disciplinary was brought in retaliation for the grievance that he filed against Defendant Loman.

Finally, the Plaintiff alleges that Defendants Loman and Rogers unlawfully violated his rights by finding him guilty of the disciplinary. The Plaintiff fails to aver which rights were violated and the Defendants assume that it is Due Process.

It should be noted that the Plaintiff does not make any allegations against Defendants Allen and Thomas.

The Plaintiff seeks compensatory damages in the amount of $200,000 from each Defendant for this alleged deprivation of his constitutional rights and injunctive relief as well.

## **DEFENDANTS' RESPONSE**

Defendants respond to the Plaintiff's complaint as follows:

1. Plaintiff's allegation that the Defendant Loman refused to notarize his court document because of his race is false.

2. Plaintiff has failed to state a claim upon which relief can be granted pursuant to 42 USC § 1983 or any other cause of action.

3. Plaintiff's claim of denial of access to courts is without merit.

4. Defendants deny that any of the Plaintiff's constitutional rights have been violated.

5. Defendants deny all material allegations not expressly admitted herein and demands strict proof thereof.

6. Defendants assert the defenses of sovereign immunity and qualified immunity pursuant to the Eleventh Amendment and Article I, Section 14, Alabama Constitution of 1901.

7. Defendants assert that they may not be held liable for the actions of their employees or agents because Respondeat Superior is not applicable in 42 U.S.C. § 1983 cases.

8. In their official capacities, the Defendants are not persons subject to actions brought pursuant to 42 U.S.C § 1983.

9. Defendant Loman acted at all times in accordance with the Alabama statutes setting forth the duties and responsibilities of a notary public.

10. Defendants assert qualified immunity.

11. Defendants assert state-agent immunity.

## **STATEMENT OF FACTS**

On April 9th, 2007, Inmate Eric Demetrius Evans, Plaintiff,  entered Sgt. Mark Loman's office to request Notary service.  Sgt. Loman asked Inmate Evans for his inmate identification card and for the name of the document he wanted notarized.  Inmate Evans presented his identification card, but refused to give a name for the document he wished to have notarized.  Sgt. Loman explained to Inmate Evans that for his own record keeping purposes, he must at least know the name of the document.  Alabama law requires that notaries public must keep a register of all of his official public acts.  When Evans still

refused to supply the name of his document, Sgt. Loman declined to notarize it. (D.E. 2, Loman Affidavit; D.E. 3, Notary Log).

Inmate Evans filed a written grievance with Warden Thomas against Defendant Loman for his refusal to notarize the document.  In this complaint, Evans alleged that Sgt. Loman had denied him access to the court and acted unprofessionally towards him. He further alleged that because Loman notarized a white inmate's documents immediately after declining to notarize Evans' documents, Loman's decision must have been motivated by racial bias. (D.E. 1, Thomas Affidavit; D.E. 2, Loman Affidavit).

Upon being served with Evans' complaint against him, Sgt. Loman charged Inmate Evans with violation of rule number 41, "Lying or making false statements or charges," due to his claim that Loman had acted unprofessionally and denied him access to the courts. Loman also charged Inmate Evans with violation of rule number 57, "Insubordination," due to the false allegations in the grievance.   (D.E. 2, Loman Affidavit; D.E. 1, Thomas Affidavit).  Pursuant to a hearing conducted by Defendant Rogers, the Plaintiff was found to be guilty of the charges and punishment imposed. (D.E. 1, Thomas).

## SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law.   Fed.R.Civ.P. 56. In making that assessment, the court must view the evidence in a light most favorable to the non-moving party and must draw all reasonable inferences against the moving party. *Celotex Corp. v. Cattrett*, 477 U.S. 317 (1986). The burden of proof is upon the moving party to establish his prima facie entitlement to summary judgment by showing the

absence of genuine issues and that he is due to prevail as a matter of law. *See Clark & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). Once that initial burden has been carried, however, the non-moving party may not merely rest upon his pleading, but must come forward with evidence supporting each essential element of his claim. *See Celotex Corp. v. Cattrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Barfield v. Brierton, 883 F.2d 923* (11th Cir. 1989). Unless the Plaintiff, who carries the ultimate burden of proving his action, is able to show some evidence with respect to each element of his claim, all other issues of facts become immaterial and the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Bennett v. Parker*, 898 F.2d 1530 (11th Cir. 1990). As the Eleventh Circuit has explained:

> Facts in dispute cease to be "material" facts when the plaintiff fails to establish a prima facie case. "In such a situation, there can be 'no genuine issue as to any material,' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily render all other facts immaterial." [Citation omitted]. Thus, under such circumstances, the public official is entitled to judgment as a matter of law, because the plaintiff has failed to carry the burden of proof. This rule facilitates the dismissal of factually unsupported claims prior to trial. 898 F.2d at 1532.

## **ARGUMENT**

### I.  Allegations

### a.  Access to Courts

The Plaintiff alleges that he was denied access to the courts by the arbitrary and racially motivated action of Defendant Loman in refusing to notarize documents. "Access to the courts is clearly a constitutional right, grounded in the First Amendment, the Article IV Privileges and Immunities Clause, the Fifth Amendment, and/or the

Fourteenth Amendment." *Chappell v. Rich,* 340 F.3d 1279, 1282 (11th Cir.2003), *cert. denied ,* 540 U.S. 1219, 124 S.Ct. 1508, 158 L.Ed.2d 154 (2004).

The Supreme Court, however, has clarified that prisoners' contentions of deprivations of access to courts must show actual injury as a "constitutional prerequisite." *Lewis v. Casey,* 518 U.S. 343, 351, 116 S.Ct. 2174, 2180, 135 L.Ed.2d 606 (1996); *see Weaver v. Brenner,* 40 F.3d 527, 533 (2d Cir.1994) (recognizing that, when judicial decisions subsequently delineate that a right that generally appeared to exist at the time of the government official's conduct did not actually exist, then "the conduct will not subject the official to liability").  While *Bounds* guarantees the right of access to the courts under the Fourteenth Amendment, prisoners have no inherent or independent right of access to a law library or to legal assistance.  *See Lewis,* 518 U.S. at 349-51, 116 S.Ct. at 2179-80. Instead, they must show actual injury in the pursuit of specific types of nonfrivolous cases: direct or collateral attacks on sentences and challenges to conditions of confinement. *Id.* at 355-57, 116 S.Ct. at 2182. "Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id.* at 355, 116 S.Ct. at 2182.

In the present, case the Plaintiff has not alleged any injury beyond making his conclusory allegation that he has been denied access to the courts.  He, for example, has not alleged that his motion for summary judgement was denied in a pending case due to the lack of notarization of his affidavit or other document.  In fact, the  Plaintiff handicaps himself in saying that he is injured by Loman's refusal because sworn pleadings are not the norm in the state or federal courts.

Defendant Loman refused to notarize the Plaintiff's document because of the desire of the Plaintiff to conceal the document from the Defendant, at least in part, by his refusal to state the title of the document. Defendant Loman was well within his rights because Alabama law requires that he, as a notary public, keep a register of his notarial acts which necessitates his knowledge of the title of the document.

Under Ala. Code § 36-20-7 (1975), a notary public is required to "keep a fair register of all his official acts." A copy of Defendant Loman's notary log or register is attached as Defense Exhibit 3. Plaintiff alleges that Sgt. Loman refused to notarize his court documents because of his (Inmate Evans) race, which Sgt. Loman disputes. Rather Loman refers to the requirements imposed upon him by § 36-20-7 as being the reason for his refusal to notarize the document in question. Loman correctly points out that he is required by law to keep a register of his official acts. He further states that Inmate Evans refused to give him the name of his document so that he (Loman) could comply with the statute. In his complaint, Inmate Evans does not deny Sgt. Loman's allegation that he refused to give the name of his document, nor does he offer any proof that race was a motivating factor in Loman's decision not to notarize. Therefore, Inmate Evans's allegations are unfounded and his complaint must be dismissed.

**b. Retaliation**

The Plaintiff alleges that Defendant Loman retaliated against him for filing the grievance against him by bringing false disciplinary charges against him. Essentially, the Plaintiff avers that he was subjected to retaliation for his efforts to gain access to the courts, including his filing of a grievance against Defendant Loman. In the grievance, included within materials attached to D.E. 1, affidavit of Thomas, the Plaintiff stated that:

> On April 9, 2007, Sgt Logan (sic), COII denied me notary service of my legal papers for no good cause. I contend that Sgt Logan did in fact notarized a white inmate's legal papers with no problem; Therefore, Sgt Logan violated my First Amendment of the United States Constitution [illegible] access to the courts, and a deliberate indifference also violated his oath of office. Under Title 14-3-16 of the code of Alabama 1975. I finally contend that Sgt. Logan actions was unprofessional like conduct of a D.O.C. official.

Upon being informed of the grievance, Defendant Loman filed two disciplinaries charging the Plaintiff with violations of Rules 41, Lying or making a false statement or charge, and Rule 57, Insubordination. Separate hearings were held on each disciplinary on 19 April 2007 before Defendant Rogers as the hearing officer. Upon a consideration of the evidence, the Plaintiff was found guilty of both charges with appropriate punishment imposed.

"Access to the courts is clearly a constitutional right, grounded in the First Amendment, the Article IV Privileges and Immunities Clause, the Fifth Amendment, and/or the Fourteenth Amendment." *Chappell v. Rich,* 340 F.3d 1279, 1282 (11th Cir.2003), *cert. denied ,* 540 U.S. 1219, 124 S.Ct. 1508, 158 L.Ed.2d 154 (2004).

A prisoner's constitutional rights are violated if adverse action is taken against him in retaliation for the exercise of his First Amendment rights. *See Farrow v. West,* 320 F.3d 1235, 1248 (11th Cir.2003); *Mitchell v. Farcass,* 112 F.3d 1483, 1490 (11th Cir.1997); *Wright v. Newsome,* 795 F.2d 964 968 (11th Cir.1986); *Adams v. James,* 784 F.2d 1077, 1080 (11th Cir.1986). In the prison setting "the state may not burden [First Amendment rights] with practices that are not reasonably related to legitimate penological objectives ... nor act with the intent of chilling that First Amendment right." *Harris v. Ostrout,* 65 F.3d 912, 916 (11th Cir.1995) (citing *Turner v. Safley,* 482 U.S. 78,

85-89, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987), and *Wildberger v. Bracknell,* 869 F.2d 1467, 1468 (11th Cir.1989)). In general, a prisoner may establish retaliation by "demonstrating that the prison official's actions were 'the result of his having filed a grievance concerning the conditions of his imprisonment." *Farrow,* 320 F.3d at 1248 (citing *Wildberger,* 869 F.2d at 1468). The prisoner must, however, come forward with more than "general attacks" upon a Defendant's motivations and must produce "affirmative evidence" of retaliation from which a jury could find that Plaintiff had carried his burden of proving the requisite motive. *Crawford-El v. Britton,* 523 U.S. 574, 600, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998) (citations omitted).

In this case, the Plaintiff complained about being denied access to the courts in a grievance against Defendant Loman. However, the grievance was based upon false grounds, to wit, that the denial was due to racial prejudice upon the part of Defendant Loman. When in fact Loman refused to notarize the document was based upon the legal requirement to keep a log, which he could not do without the name of the document. An inmate has a First Amendment right to file grievances against prison officials, but only if the grievances are not frivolous. See *Lewis v. Casey,* 518 U.S. 343, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) ( "Depriving someone of a frivolous claim ... deprives him of nothing...."). Clearly a grievance based upon false statements is frivolous. Thus it is hard to comprehend how punishment for making what amounts to a false official statement is retaliation for seeking to exercise Plaintiff's right to access to the courts and right to file non-frivolous grievances.

c.  **Due Process**

The Plaintiff generally alleges that Defendants Rogers and Loman wrongfully convicted him of the disciplinaries.  Rogers was the hearing officer.  Loman was the officer bring the charges and a witness.  The punishment imposed upon the Plaintiff in each disciplinary was "30 days loss of visiting, phone and store; refer to classification."

The Defendants assume that the Plaintiff claims a violation of Due Process. However, before Plaintiff may suffer a deprivation of his due process rights, he must have an interest to which due process attaches.  *Wolff v. McDonnell,* 418 U.S. 539, 556, 94 S.Ct. 2963, 2974 (1974); U.S. CONST. AMEND. XIV, § 1 (providing, in part: "[N]or shall any State deprive any person of life, liberty, or property, without **due process** of law ....").

In the context of a prison disciplinary, the decision in *Sandin v. Conner,* 515 U.S. 472, 115 S.Ct. 2293 (1995), controls the determination of whether a prisoner has a liberty interest to which due process attaches.  In *Sandin,* the Supreme Court found that there was no right based directly on the Due Process Clause not to be placed in disciplinary segregation and that there was no state-created liberty interest to be free from disciplinary segregation when an inmate challenged his 30-day segregation sentence based on a due process violation. *Id.* at 487, 115 S.Ct. at 2302. In concluding that no liberty interest was implicated by placement in disciplinary segregation, and thus no due process was required, the Court stated its holding was a return to the due process principles of *Wolff, supra,* and *Meachum v. Fano,* 427 U.S. 215, 96 S.Ct. 2532 (1976), that required an inmate to suffer a "grievous loss" before a liberty interest would be found. *Sandin,* 515 U.S. at 480-83, 115 S.Ct. at 2298-2300.  The *Sandin* Court ruled that future liberty

interests "will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, (citations omitted), nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 480, 484, 115 S.Ct. at 2298, 2300. The Court concluded that confinement to disciplinary segregation was not a dramatic departure from the ordinary conditions of incarceration, was the type of discipline a prisoner should expect as an incident to his criminal sentence, and "did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." *Id.* at 485-86, 115 S.Ct. at 2301. The Court ruled the prisoner did not have a protected liberty interest based on the subject prison regulation or the Due Process Clause itself entitling him to *Wolff's* procedural protections. *Id.* at 487, 115 S.Ct. at 2302.

The Constitution does not grant an inmate a right in visitation, store, and telephone privileges. *See Kentucky Dept. of Corrections v. Thompson,* 490 U.S. 454, 460, 109 S.Ct. 1904, 1908 (1989) (finding an inmate does not have a protected interest in visitation arising from the Due Process Clause); *Moore v. Pemberton,* 110 F.3d 22, 23 (7th Cir.1997) (finding no loss of liberty or property when prisoner received as disciplinary punishment a verbal reprimand, two-week loss of commissary privileges, and a suspended, 15-day disciplinary segregation sentence).

Interestingly enough, Defendant Loman was involved in another case recently in which this Honorable Court, Honorable Judge Watkins presiding, held that a loss of store, telephone, visitation and other punitive measures did not involve a liberty interest. *See Walker v. Loman,* 2006 WL 3327663, at *3 (M.D.Ala. Nov. 15, 2006) (holding the 90-

day loss of store, telephone and visitation privileges, recommended custody increase, and referral for possible free-world prosecution did not result in the deprivation of a liberty interest), and the Alabama courts have determined a prisoner does not have a liberty interest in store, telephone and visitation privileges. *Dumas v. State,* 675 So.2d 87, 88 (Ala.Crim.App.1995).

**II.  Defendants assert the defenses of sovereign immunity and qualified immunity.**

In *Alabama v. Pugh*, 438 U.S. 781, the U.S. Supreme Court held that officers at a Department of Corrections facility *are* protected by the Eleventh Amendment's grant of immunity to states and state agencies. Like in *Pugh*, the Defendants in the case at hand are also employees of a state correctional facility.  Furthermore, these Defendants were acting in their official capacities as corrections officers when the alleged constitutional deprivation occurred.  Therefore, since the Defendants enforce state policies and serve as state officials, they should be entitled to assert the defenses of qualified immunity and sovereign immunity.

The doctrine of qualified immunity protects government officials who are performing discretionary functions from being sued under 42 U.S.C.A. § 1983, so long as said government officials' conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.  *Wilson v. Layne*, 526 U.S. 603 (1999). The defense of qualified immunity is available only to an official sued in his individual or personal capacity. *Walker v. Board of Trustees, Regional Transp. Dist.*, 76 F. Supp. 2d 1105 (1999). A government official sued in his official capacity has no immunity other than that which is provided by the governmental entity which employs him.  *Hafer v. Melo*, 502 U.S. 21 (1991). In evaluating the objective

reasonableness of the act at issue, a court must determine whether the legal rules governing that act were clearly established at the time the act was taken. (*id.*)

42 U.S.C.A. § 1983 does *not* override the grant of immunity guaranteed to all states by the Eleventh Amendment. *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989). This grant of immunity protects states from being sued in federal court (*id.*) The Eleventh Amendment also shields individual agents and agencies of states from liability under § 1983. *Doe By and Through Doe v. Petaluma City School Dist.*, 830 F. Supp. 1560 (1993). Therefore, a state agent acting in his official capacity enjoys immunity against suit just like a state entity would. *Gangloff v. Poccia* 888, F. Supp. 1549 (1995). A suit against a state official in his/her official capacity is, essentially, a suit against the state.

The Defendants did not violate the constitutional rights of the Plaintiff and therefore are entitled to the benefit of qualified immunity in their individual capacities and to the benefit of sovereign immunity pursuant to the Eleventh Amendment and Article I, Section 14 of the Alabama Constitution of 1901 in their official capacities.

### III.  Respondeat Superior

The law is well settled that a defendant  cannot be held liable, individually or in his official capacities, for actions brought pursuant to 42 U. S. C. § 1983 under the doctrine of respondeat superior or on the basis of vicarious liability. *Belcher v. City of Foley, 30 F.3d 1390, 1396 (11th Cir 1994); Brown v. Crawford, 906 F. 2d 667, 671 (11th Cir. 1990); Zatler v. Wainwright, 802 F. 2d 397, 401 (11th Cir. 1986).*

## <u>CONCLUSION</u>

Plaintiff has failed to state a claim upon which relief can be granted pursuant to 42 USC § 1983 or any other source. Furthermore, Plaintiff's allegation that the Defendant Loman refused to notarize his court document because of his race is incorrect, and plaintiff's claim of denial of access to courts is without merit. None of the Plaintiff's constitutional rights were violated as a result of Sgt. Loman's refusal to notarize his document. The Plaintiff did not suffer retaliation by the filing of the disciplinaries nor was he denied due process in the disciplinary hearings.

The Defendants respectfully submit that there is no issue of material fact and they are entitled to judgement as a matter of law.

Respectfully Submitted,

Troy King
Attorney General

/s/ *Jack Wallace, Jr.*
Jack Wallace, Jr.
Assistant Attorney General

ADDRESS OF COUNSEL:
Office of the Attorney General
11 South Union Street
Montgomery, AL 36130
(334) 242-7555
(334) 242-2433 (fax)
jwallace@ago.state.al.us

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have, this 1st day of June, 2007, served a copy of the foregoing upon the Plaintiff, by placing same in the United States Mail, postage prepaid and properly addressed as follows:

> Eric Demetrius Evans, AIS 249159
> Elmore Correctional Facility
> PO Box 8
> Elmore, AL 36025

> /s/ *Jack Wallace, Jr.*
> Jack Wallace, Jr.
> Assistant Attorney General

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ERIC DEMETRIUS EVANS, 249159,   :
                :
 Plaintiff,          :
                :
  v.           : Case No. 2:07-CV-345-MHT
                :
WILLIE THOMAS, et al.,     :
                :
Defendants.         :

## AFFIDAVIT

Before me, the undersigned authority, a Notary Public in and for the State of Alabama at

Large, personally appeared Willie J. Thomas, who being known to me and being by me first

duly sworn, deposes and says:

My name is Willie J. Thomas. I am currently employed with the Alabama Department of

Corrections as a Warden III at Elmore Correctional Facility in Elmore, Alabama. I am over

twenty-one (21) years of age.

Inmate Evans claims that the other defendants and I violated his constitutional rights.

I deny that I have ever violated any inmate's constitutional rights. Inmate Evans did not make

any specific allegations against me.

I hereby certify the incident report and two disciplinary reports attached to this affidavit to

be true and correct copies of documents on file at Elmore Correctional Facility.

_Willie J. Thomas_
WILLIE J. THOMAS

1

EXHIBIT
1

STATE OF ALABAMA:

COUNTY OF ELMORE:

Sworn to and subscribed before me and given under my hand and official seal on this the

3<u>rd</u> _____ day of May, 2007.

_Diane G. Sutherland_
NOTARY PUBLIC

My Commission expires _2 – 5 – 11_

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS

# INCIDENT REPORT

| 1. Institution: ELMORE CORRECTIONAL FACILITY | 2. Date: 4/10/07 | 3. Time: 2:00 pm | 4. Incident Number: ECC 07- 537 | Class Code: C |
|---|---|---|---|---|

| 5. Location Where Incident Occurred: ECC Shift Office | 6. Type of Incident: #41; Lying or making false statement or charge #57; Insubordination |
|---|---|

| 7. Time Incident Reported: 2:30 pm | 8. Who Received Report: Robert Rogers, Corr. II    Rogers  Cont  4/0/07 |
|---|---|

**9. Victims:**           Name                                   AIS

a.  N/A                                      No.  N/A

b.  _____                  No.  _____

c.  _____                  No.  _____

| 10. Suspects:    Name                AIS | 11. Witnesses:    Name                AIS |
|---|---|
| a.  **Eric Evans**     No.  **B/249159** | a.  _____  No.  _____ |
| b.  _____      No.  _____   | b.  _____  No.  _____ |
| c.  _____      No.  _____   | c.  _____  No.  _____ |
| d.  _____      No.  _____   | d.  _____  No.  _____ |
| e.  _____      No.  _____   | e.  _____  No.  _____ |
|                                          | f.  _____  No.  _____ |
|                                          | g.  _____  No.  _____ |

**PHYSICAL EVIDENCE:**
12. Type of Evidence

N/A

13. Description of Evidence:

N/A

14. Chain of Evidence:

a  N/A

b

c

d

e

15. Narrative Summary:

On April 10, 2007, at approximately 2:00 pm, Sgt. Mark Loman received a complaint from Inmate Eric Evans, B/249159.  The complaint was passed on to Sgt. Loman by Warden III, Willie Thomas for response.  Inmate Evans stated that Sgt. Loman was unprofessional and denied him notary service for no good cause.  Inmate Evans also contended that Sgt. Loman notarized papers for a white inmate with no problems.  This statement implies that Sgt. Loman is racially biased.  During this aforementioned notary service, Inmate Evans was asked for the name of the document that he wanted notarized and he refused to give it to Sgt. Loman.  It was then explained, by Sgt Loman, that the legalities of his paperwork was not needed, but the title of the document would be required for the purpose of the notary log.  Inmate Evans will be charged with rule violations #41; Lying or making false statement or charge and #57; Insubordination.  Lt. Robert Rogers was notified of the incident at approximately 2:30 pm.  Inmate Evans remains in ECC Inmate Population.

Mark Loman, Correctional Sergeant

Distribution:   ORIGINAL AND ONE (1) COPY to Central I & I Division      COPY to Deputy Commissioner of Operations (Class A and B ONLY)
                COPY to Institutional File                              COPY to Central Records Office

2

ALDOC Form 225B

*Sent 4-24-07 wd 5-24-07*

**ALABAMA DEPARTMENT OF CORRECTIONS**
**DISCIPLINARY REPORT**

*ECC07-537A*
*30 days*

1. Inmate: __Eric Evans_____ Custody: __Min_____ AIS: __B/249159__

2. Facility: __ELMORE CORRECTIONAL CENTER__

3. The above named inmate is being charged by __Mark Loman, CS__ with violation of rule number __41__ specifically __Lying or making false statement or charge__ from regulation # __403__ which occurred on or about __April 10__, 2007 at (time) __2:00 pm__ (am / pm), Location: __ECC Shift Office__ . A hearing on this charge will be held after 24 hours from service.

4. Circumstances of the violation(s) are as follows: __On April 10, 2007 at approximately 2:00 pm, Sgt. Loman did receive a complaint from Inmate Eric Evans, B/249159 stating that Sgt. Loman was unprofessional and denied him notary service for no good reason.__

   __04/10/07__                                    _____ CS
   Date                                    Arresting Officer / Signature / Rank

5. I hereby certify that I have personally served a copy of the foregoing upon the above named inmate and I informed inmate of his/her right to present a written or oral statement at the hearing and to present written questions for the witnesses on this the __10th__ day of __April__ , 2007 , at (time) __8:07__ (am/pm)

   __Walter Danberry, C/O__                __Eric Evans 249159__
   Serving Officer / Signature / Rank              Inmate's Signature / AIS Number

6. Witnesses desired?     NO __Eric Evans 249159__     YES _____
                          Inmate's Signature                Inmate's Signature

7. If yes, list: _____N/A_____

   _____

8. Hearing Date __4/19/07__     Time __8:40 pm__     Place __Shift Office__

9. Inmate must be present in Hearing Room. If he/she is not present explain in detail on additional page and attach.

10. A finding is made that inmate (is / is not) capable of representing himself.

    __V. Rones_____
    Signature / Hearing Officer

11. Plea: X __Eric Evans__ (Not Guilty) _____ Guilty

12. The Arresting Officer, Inmate, and all witnesses were sworn to tell the truth.

    __V. Rones_____
    Signature / Hearing Officer

IN COMPUTER
DATE: __4-24-07__

Annex C to AR 403 (Page 1 of 5)

3

13.    Arresting Officer's testimony  (at the hearing):    **On April 10, 2007, at approximately 2:00 pm, Sgt. Loman**

   **did receive a complaint from inmate Eric Evans, B/249159, stating that Sgt. Loman was unprofessional**

   **and denied him notary service for no good reason.**

   _____

   _____

   _____


14.    Inmate's Testimony:    **SEE ATTACHED** _____

   _____

   _____

   _____

   _____

   Witness:  __N/A_____    Substance of Testimony: _____

   _____

   _____

   Witness: _____    Substance of Testimony: _____

   _____

   _____

   Witness: _____    Substance of Testimony: _____

   _____

   _____

15.    The inmate was allowed to submit written question to all witnesses.  Copy of questions and answers are attached.

   _____

   Signature / Hearing Officer

16.    The following witnesses were not called  -  Reason not called

   1.  __N/A_____    _____

   2.  _____    _____

   3.  _____    _____

(Continuation Sheet) ADOC Form    B, Alabama Department of Corrections Disci___ary Report (Optional)

Inmate Name & AIS # :  **Evans, Eric; B/249159**              Incident Report No.  **ECC07-537A**

Facility :      **Elmore Correctional Center**

**CONTINUED ARRESTING OFFICER'S (AO) STATEMENT AND/OR QUESTIONS BY HEARING OFFICER (QBHO) TO ARRESTING OFFICER:**

**CONTINUED INMATE'S STATEMENT AND/OR QUESTIONS BY HEARING OFFICER (QBHO) TO INMATE:**

**CONTINUED WITNESS TESTIMONY (QBHO):**

**CONTINUED FINDINGS OF FACTS:**

a notary.  Simple cooperation with the arresting officer would have resulted in a completed register and his notarized document.  As such, the hearing officer finds the defendant guilty as charged of rule 41.

**CONTINUED BASIS FOR FINDING OF FACT:**

**CONTINUED HEARING OFFICER'S RECOMMENDATIONS:**

**OTHER:**

Annex C of AR 403 (page 3 of 3 pages)

17. After hearing all testimony, the Hearing Officer makes the following findings of fact: (Be Specific)
The Hearing Officer finds that:    On April 10, 2007, at approximately 2:00 pm, Sgt. Loman did receive a
complaint from inmate Eric Evans, B/249159, stating that Sgt. Loman was unprofessional and denied him
notary service for no good reason. Sgt. Loman, arresting officer, presented through answers to questions,
that the defendant refused to give the arresting officer the title of the document so the arresting officer
could fully complete his register. The hearing officer finds such a denial as good reason to deny; cont.

18. Basis for Finding of Fact:    based on sworn statements of the arresting officer and the defendant as
evidence in the hearing.

19. Hearing Officer's Decision:    __XX__ Guilty    _____ Not Guilty

20. Recommendation of Hearing Officer:    30 days loss of vising, phone and store; refer to classification.

_____    4/23/07
Signature / Hearing Officer

Lt. Robert Rogers
Typed Name and Title

21. Warden's Action – Date    4/24/07
Approved    Captain Yenita Hawthorne
Disapproved    _____
Other (specify)    _____
_____

22. Reason if more then 30 calendar days delay in action.    _____
_____

23. I hereby certify that a completed copy of the foregoing Disciplinary Report was served on the above
Named inmate on this the __24th__ day of __April__ 2007, at (time) __7:00__ (am / pm).

_____    _____
Signature / Serving Officer / Title    Inmate's Signature and AIS Number

ERIC DEMETRIUS EVANS
#249157-B1-16A
ELMORE CORRECTIONAL CENTER

APRIL 10, 2007

TO: WARDEN WILLIE THOMAS
C/o CAPTAIN HEIGHTHON
ELMORE CORRECTIONAL CENTER

COMPLAINT PURSUANT TO ADMIN. REG. #207 AND 208 FOR THE
ALABAMA DEPARTMENT OF CORRECTIONS TO BE DIRECTED TO: SGT. LOGAN.

On April 9, 2007, Sgt. Logan, CoII denied me Notary service of
My Legal Papers for no good cause. I contend that Sgt. Logan
did in fact Notarised a white inmate's Legal Papers with no
Problem; Therefore, Sgt. Logan violated my First Amendment of
the United States constitution governing access to the Courts, and
a deliberate indifference also violated his oath of office.
Under Title 14-3-13 of the code of Alabama 1975, I finally
contend that Sgt. Logan actions was unprofessional like conduct
of a D.O.C. official.

Respectfully Submitted,
Eric D. Evans #249159

CC:
Commissioner Richard Allen
Sgt. Logan CoII

## "ERIC D. EVANS STATEMENT"
### FOR BOTH ALLEDGED DISCIPLINARIES

I make known to this Honorable Hearing Officer that I never Violated Rule Number 41 specifically lying or making false Statement or charge from Regulation #403. I contend that I was denied notary service from Sgt. Loman, and I wrote a Complaint to Warden Thomas and Captain Hawthrone who is Sgt. Loman Superior's requesting an investigation as to Why I was not given my entitled right to Notary Service from Sgt. Loman, and to Satisfy Alabama Rules of Civil Procedure governing service of process to an opposing party I hand Mailed Sgt. Loman a Carbon Copy of the Original Complaint filed to Warden Thomas & Captain Hawthrone, and I also served a Carbon Copy of this Complaint to Prison Commissioner Richard Allen. These disciplinaries is in fact unwarranted clear cut retaliation and to Shield the Violation of me being denied Notary Service for whatever reason. I am requesting the findings of this Disciplinary Hearing to be sent to Prison Commissioner Richard Allen and the Alabama Department of Correctional Personel Department at 64 North Union Street, Room 300, Montgomery, Alabama 36130 for an enbanc Cambra review. Please be advised that my family member have already requested for an investigation I & I Division on 4-11-07.

DATE: 4-19-07

Respectfully Submitted:
Eric Evans

QUESTIONS FOR Sgt. MACK LOMAN"

1. Sgt. Loman, are inmates allowed to file Complaints to an Officer's Superior?

ANSWER: Yes.

2. Sgt. Loman, did your Superiors Warden Thomas and Captain Hawthron inform you that I had filed an Admin. Reg. 207 and 208 Complaint against you for unprofessional lack Conduct and denied me Notary Service on 4-09-07?

ANSWER: Yes.

3. Sgt. Loman, isn't it true that the document of this Complaint you received from me was in fact a Carbon Copy of the original Complaint I filed to your Superiors against you for denying me Notary service?

ANSWER: I don't know if it was a Carbon copy but it was a Copy.

4. Sgt. Loman, did you Notarise my legal papers on 4-09-07 after I requested you to?

ANSWER: No.

5. Sgt. Loman, does an inmate have a Constitutional Right to Notary?
ANSWER: I'm not sure about that.

DATE:                    Rosenault II C.J. ....

"QUESTIONS FOR Sgt. MARK LOMAN FOR RULE #57 DISCIPLINARY"

1. Sgt. Loman, did I request of you to notarise my legal papers on 4-09-07?   already answered

ANSWER:

2. Sgt. Loman, did you notarise my legal papers on 4-09-07?
              already answered.
ANSWER:

3. Sgt. Loman, did you Notarise a white inmate papers on 4-09-07

ANSWER: Yes - a couple.

4. Sgt. Loman, do you keep a log of all Notary you did on 4-09-0,

ANSWER: Yes.

5. Sgt. Loman, Will you please provide the hearing officer with 4-09-0 Notary service sign in log with the names of inmates you Notarised on 4-09-07 at approximately 8:30 p.m.?

ANSWER: Sure.

DATE: _____


Respectfully Submitted,

ALDOC Form 225B

B1-96H

5-24-07

Start 4-24-07  end 5-24-07   ECC07-537B 30 days

**ALABAMA DEPARTMENT OF CORRECTIONS**
**DISCIPLINARY REPORT**

1. Inmate: **Eric Evans**          Custody: **Min**          AIS: **B/249159**

2. Facility: **ELMORE CORRECTIONAL CENTER**

3. The above named inmate is being charged by **Mark Loman, CS** with violation of rule number **57** specifically **Insubordination** from regulation # **403** which occurred on or about **April 10**, **2007** at (time) **2:00 pm** (am / pm), Location: **ECC Shift Office** . A hearing on this charge will be held after 24 hours from service.

4. Circumstances of the violation(s) are as follows: **On April 10, 2007 at approximately 2:00 pm, Sgt. Loman did receive a complaint from Inmate Eric Evans, B/249159 stating that Sgt. Loman was unprofessional and denied him notary service for no good reason and that Sgt. Loman did in fact notarize a white inmate's legal papers with no problem. This statement implies that Sgt. Loman is racially biased.**

   **04/10/07**
   Date                                      Arresting Officer / Signature / Rank

5. I hereby certify that I have personally served a copy of the foregoing upon the above named inmate and I informed inmate of his/her right to present a written or oral statement at the hearing and to present written questions for the witnesses on this the _17th_ day of _APRIL_____, 2007, at (time) _8:02_____ (am/pm)

   _Walter Newberry, C/O_                _Eric Evans   249159_
   Serving Officer / Signature / Rank        Inmate's Signature / AIS Number

6. Witnesses desired?   NO _Eric Evans 249159_   YES _____
                          Inmate's Signature              Inmate's Signature

7. If yes, list: _____ NA_____

8. Hearing Date _4/19/07_   Time _8:05pm_   Place _Shift Office_

9. Inmate must be present in Hearing Room. If he/she is not present explain in detail on additional page and attach.

10. A finding is made that inmate (is / is not) capable of representing himself.
    _N Rogers_
    Signature / Hearing Officer

11. Plea: _X Eric Evans_ (Not Guilty) _____ Guilty

12. The Arresting Officer, Inmate, and all witnesses were sworn to tell the truth.
    _N Rogers_
    Signature / Hearing Officer

   ENTERED IN COMPUTER
   DATE: _4-26-07_
   SIGNED: _BH_   Annex C (6 AR 403 (Page 1 of 5)

3

13. Arresting Officer's testimony (at the hearing):   **On April 10, 2007, at approximately 2:00 pm, Sgt. Loman did receive a complaint from inmate Eric Evans, B/249159, stating that Sgt. Loman was unprofessional and denied him notary service for no good reason and that Sgt. Loman did, in fact, notarize a white inmate's legal papers with no problem.  This statement implies that Sgt. Loman is racially biased.;  Q1: What was the reason you denied defendant Evans' notary service?  A1: I have to maintain a register which includes the title of the document being notarized.  Defendant Evans said it was papers for the court.; cont.**

14. Inmate's Testimony:   **I came in.  There was a white guy before me.  I don't know his name.  All I said was, "This was a civil law suit against Mr. Ralph Perkins."  I don't think he's racist. SEE ATTACHED WRITTEN STATEMENT.**

Witness:  **N/A**                              Substance of Testimony:

Witness:                                      Substance of Testimony:

Witness:                                      Substance of Testimony:

The inmate was allowed to submit written question to all witnesses.  Copy of questions and answers are attached.

Signature / Hearing Officer

The following witnesses were not called  - Reason not called

1.  N/A
2.
3.

17.    After hearing all testimony, the Hearing Officer makes the following findings of fact: (Be Specific)
       The Hearing Officer finds that:    On April 10, 2007, at approximately 2:00 pm, Sgt. Loman did receive a
       complaint from inmate Eric Evans, B/249159, stating that Sgt. Loman was unprofessional and denied him
       notary service for no good reason and that Sgt. Loman did, in fact, notarize a white inmate's legal papers
       with no problem. This statement implies that Sgt. Loman is racially biased. The defendant stated he told
       the arresting officer it was a "civil lawsuit..". The arresting officer states the defendant refused to; cont.

18.    Basis for Finding of Fact:    based on sworn statements of the arresting officer and the defendant as
       evidence in the hearing.

19.    Hearing Officer's Decision:    __XX__    Guilty    _____    Not Guilty

20.    Recommendation of Hearing Officer:    30 days loss of vising, phone and store; refer to classification.

       _Robert H Rogers_ c s l+ 4/23/07
       Signature / Hearing Officer
       **Lt. Robert Rogers**
       Typed Name and Title

21.    Warden's Action / Date  _4-24-07_
       Approved    _Cpt Nimmer_
       Disapproved
       Other (specify)

2.     Reason if more then 30 calendar days delay in action.

3.     I hereby certify that a completed copy of the foregoing Disciplinary Report was served on the above
       Named inmate on this the _26th_ day of _APRIL_ 2007, at (time) _8:25_ (am/pm)
       _Walter Newberry C/O_                    _Refused To Sign_ C/O W. Newbery
       Signature / Serving Officer / Title        Inmate's Signature and AIS Number

(Continuation Sheet)  ADOC Form 225B, Alabama Department of Corrections Disciplinary Report (Optional)

Inmate Name & AIS # :  **Evans, Eric; B/249159**          Incident Report No.    **ECC07-537B**

Facility :    **Elmore Correctional Center**

CONTINUED ARRESTING OFFICER'S (AO) STATEMENT AND/OR QUESTIONS BY HEARING OFFICER (QBHO) TO ARRESTING OFFICER:

I asked him again to give me the title of the document.  He again refused to comply.  Unable to fully prepare my register, I denied him notary service.

CONTINUED INMATE'S STATEMENT AND/OR QUESTIONS BY HEARING OFFICER (QBHO) TO INMATE:

CONTINUED WITNESS TESTIMONY (QBHO):

CONTINUED FINDINGS OF FACTS:

give the actual title of the document and that was the reason for denial, not racism.  Sgt. Loman presented the register for 4/9/07 which showed one white and one black.  The white inmate answered his question.  The black inmate did not.  Race is not the issue.  When the defendant presented a complaint of this nature, it was demeaning to Sgt. Loman.  The hearing officer finds the defendant guilty as charged of rule #57; Insubordination.

CONTINUED BASIS FOR FINDING OF FACT:

CONTINUED HEARING OFFICER'S RECOMMENDATIONS:

OTHER:

ERIC DEMETRIUS EVANS
#249159-B1-96A
ELMORE CORRECTIONAL CENTER

APRIL 10, 2007

TO: WARDEN WILLIE THOMAS
C/o CAPTAIN HIGHTOWER
  ELMORE CORRECTIONAL CENTER

COMPLAINT PURSUANT TO ADMIN. REG. #207 AND 208 FOR THE
ALABAMA DEPARTMENT OF CORRECTIONS TO BE DIRECTED TO: SGT. LOGAN.

On April 9, 2007, Sgt. Logan, CoII denied me Notary Service of
My Legal Papers for no good cause. I Contend that Sgt. Logan
did in fact Notarised a white inmate's Legal Papers with no
Problem; Therefore, Sgt. Logan Violated My First Amendment of
the United States Constitution governing access to the Courts, and
a deliberate indifference also Violated his oath of Office
Under title 14-3-13 of the Code of Alabama 1975. I Finally
Contend that Sgt. Logan actions Was unprofessional like Conduct
of a D.O.C. Official.

Respectfully Submitted,
Eric D. Evans #249159

CC:
Commissioner Richard Allen

" QUESTIONS FOR SGT. MARK LOMAN "

1. Sgt. Loman, are inmates allowed to file complaints to an Officer's Superior?

ANSWER: Yes.

2. Sgt. Loman, did your Superiors Warden Thomas and Captain Hawthron inform you that I had filed an Admin. Reg. 207 and 208 Complaint against you for unprofessional lack conduct and denied me Notary Service on 4-09-07?

ANSWER: Yes.

3. Sgt. Loman, isn't it true that the document of this Complaint you received from me was in fact a Carbon Copy of the original Complaint I filed to your Superiors against you for denying me Notary Service?

ANSWER: I don't know if it was a Carbon copy but it was a copy.

4. Sgt. Loman, did you Notarise my legal papers on 4-09-07 after I requested you to?

ANSWER: No.

5. Sgt. Loman, does an inmate have a Constitutional Right to Notary?
ANSWER: I'm not sure about that.

"QUESTIONS FOR Sgt. MARK LOMAN FOR RULE #57 DISCIPLINARY "

1. Sgt. Loman, did I request of you to notarise my legal papers on 4-09-07?   already answered

ANSWER:

2. Sgt. Loman, did you Notarise my legal papers on 4-09-07?
                            already answered.

ANSWER:

3. Sgt. Loman, did you Notarise a white inmate papers on 4-09-07?

ANSWER:  Yes — a couple.

4. Sgt. Loman, do you keep a log of all Notary you did on 4-09-07?

ANSWER:  Yes.

5. Sgt. Loman, Will you please provide the hearing officer with 4-09-07 Notary service sign in log with the names of inmates you notarised on 4-09-07 at approximately 8:30 p.m. ?

ANSWER:  Sure.

DATE: _____

Respectfully Submitted,

_____

"ERIC D. EVANS STATEMENT"

<u>FOR BOTH ALLEDGED DISCIPLINARIES</u>

I make known to this Honorable Hearing Officer that I never violated Rule Number 41 specifically lying or making false statement or charge from Regulation #403. I contend that I was denied notary service from Sgt. Loman, and I wrote a complaint to Warden Thomas and Captain Hawthrone who is Sgt. Loman Superiors requesting an investigation as to why I was not given my entitled right to Notary Service from Sgt. Loman, and to satisfy Alabama Rules of Civil Procedure governing service of process to an opposing party I hand mailed Sgt. Loman a Carbon Copy of the Original Complaint filed to Warden Thomas ℅ Captain Hawthrone, and I also served a Carbon Copy of this Complaint to Prison Commissioner Richard Allen. These disciplinaries is in fact unwarranted clear cut retaliation and to shield the Violation of me being denied Notary Service for whatever reason. I am requesting the findings of this Disciplinerary hearing to be sent to Prison Commissioner Richard Allen And the Alabama Department of Correctional Personel Department at 64 North Union Street, Room 300, Montgomery, Alabama 36130 for an enbane Cambra review. Please be advised that my family member have already requested for an investigation I+I Division on 4-11-07.

DATE: <u>4-19-07</u>

Respectfully Submitted:

Eric Evans

```
                              DISPLAY INMATE SUMMARY DATA          ** PRODUCTION **
  12/APR/2007       09:07:56.    CDSUM      202      069LC        CDSUM01    604
------------------------------------------------------------------------------------
IS: 00249159   INMATE: EVANS, ERIC DEMETRIUS              RACE: B  SEX:  M

NST: 069-ELMORE CORRECTIONAL FACILITY    JAIL CR: 0001D DOB: 12/30/1969
SN: 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 PAR CONS DT: 00/0000  CURR CUST: MIN5  CURR CUST DT:11/22/2006
LIAS:                                 ALIAS:
DM TP: NEW COMMITMENT - SPLIT SENTEN  STATUS: NEW COMMITMENT - SPLIT SENTENC
NIT SENT DT:09/22/2006 ADM DT: 09/22/2006 DEAD TIME: 00Y 00M 00D
                                N                                         TY
OUNTY      SENT DT   CASE  L CRIME                            TERM        PE
HELBY      08/01/2006 000367 Y POSS MARIJUANA I              02Y00M00D    CS
ONTGOMERY 09/22/2006 000683 Y DIST CONTROL SUBSTANCE         03Y00M00D    CC


              NO MORE RCDS THIS TYPE AVAIL
NMATE HAS 000DISCIPLINARIES RESULTING IN LOSS OF 000Y00M00D OF GOOD TIME.
NMATE HAS 002TRANSFER RECORDS ON FILE.
NMATE HAS 00 DETAINER/WARRANT RECORDS ON FILE.
TOTAL  TERM   REV GOOD TIME   MIN REL DT   TOT GOOD TIME   SHORT DATE   LONG DATE
03Y 00M 00D   000Y 00M 00D    09/20/2009   000Y 00M 00D    09/20/2009   09/20/2009
```

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ERIC DEMETRIUS EVANS, 249159,       :

   Plaintiff,                        :

     v.                      : Case No. 2:07-CV-345-MHT

WILLIE THOMAS, et al.,         :

Defendants.                  :

## AFFIDAVIT

Before me, the undersigned authority, a Notary Public in and for the State of Alabama at

Large, personally appeared Mark Loman, who being known to me and being by me first

duly sworn, deposes and says:

My name is Mark Loman. I am currently employed with the Alabama Department of

Corrections as a Correctional Sergeant at Elmore Correctional Facility in Elmore, Alabama. I am

over twenty-one (21) years of age.

On April 9, 2007, Notary service was announced at Elmore Correctional Facility. Inmate

Evans entered the shift office for Notary service. I asked inmate Evans for his inmate identification

card and for the name of the document he wanted notarized. Inmate Evans presented his inmate

identification card to me, but simply named the document "papers for court." I then explained to

inmate Evans that I did not need to know the legalities of the paperwork but did need to know the

title of the document. Notaries are required by law to know the name or title of the document they

are asked to notarize. Inmate Evans refused to give me the proper name or title of the document he

wanted notarized. For this reason, I declined to notarize it.

EXHIBIT
2

1

On April 10, 2007 at approximately 2:00 p.m., I received a copy of a written complaint inmate Evans sent to Warden III Willie Thomas. Inmate Evans said in this complaint that I denied him access to the courts and was unprofessional for no good reason when I declined to notarize his document on April 9, 2007. I deny that I acted unprofessionally toward inmate Evans. Inmate Evans further stated in his complaint that I notarized papers for a white inmate and not his. This statement implied that I am racially biased. I hereby certify the hand-written statement from inmate Evans to Warden Thomas and my response thereto attached to this affidavit to be true and correct copies of documents I have in my possession.

I charged inmate Evans with violation of rule number 41, "Lying or making false statement or charge," due to his claim that I acted unprofessional and denied him access to the courts for no good reason. I charged inmate Evans with violation of rule number 57, "Insubordination," due to his claim that I am racially biased. I deny that I acted in concert with Lt. Robert Rogers in any manner whatsoever as to these disciplinaries.

I deny that I have ever violated any inmate's constitutional rights.

_____
MARK LOMAN

STATE OF ALABAMA:

COUNTY OF ELMORE:

Sworn to and subscribed before me and given under my hand and official seal on this the

___2nd___ day of May, 2007.

_____
NOTARY PUBLIC

My Commission expires ___2 - 5 - 11___

2

ERIC DEMETRIUS EVANS
#249159-B1-96A
ELMORE CORRECTIONAL CENTER

APRIL 10, 2007

TO: WARDEN WILLIE THOMAS
% CAPTAIN HIGHTHON
   ELMORE CORRECTIONAL CENTER

COMPLAINT PURSUANT TO ADMIN. REG. #207 AND 208 FOR THE
ALABAMA DEPARTMENT OF CORRECTIONS TO BE DIRECTED TO: SGT. LOGAN.

On April 9, 2007, Sgt. Logan, CoII denied me Notary Service of
My Legal Papers for no good Cause. I Contend that Sgt. Logan
did in fact Notarised a white inmate's Legal Papers with no
Problem; Therefore, Sgt. Logan Violated My First Amendment of
the United States Constitution governing Access to the Courts, and
a deliberate indifference also Violated his oath of Office
Under title 14-3-13 of the Code of Alabama 1975. I Finally
Contend that Sgt. Logan actions was unprofessional like Conduct
of a D.O.C. Official.

Respectfully Submitted,
Eric D. Evans #249159

CC:
Commissioner Richard Allen

To:    Willie Thomas, Warden III

From:  Mark Loman, Correctional Sergeant

Ref:   Response to Inmate Eric Evans, B/249159 complaint

Date:  4/10/07


On April 9, 2007, I, Sgt. Mark Loman did hold notary service. Inmate Evans did report to the shift office for this service. When Inmate Evans entered the shift office for notary service, he was asked for his ID card and also what he wanted to be notarized. Inmate Evans stated that his papers were for court. I explained that I did not want to know the legalities of the paperwork, but merely what the papers were identified as being. This was for my notary log, which I am responsible for logging the person's name, AIS#(if applicable) and the name of the document to be notarized. Inmate Evans refused to give me that information, so he was dismissed from the office. I then carried on with notary service for the inmates who wanted to be in compliance.

If there are any questions regarding this matter, feel free to contact me.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ERIC DEMETRIUS EVANS, 249159,　　　　　　:
　　　　　　　　　　　　　　　　　　　:
　Plaintiff,　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　:
　　　v.　　　　　　　　　　　　: Case No. 2:07-CV-345-MHT
　　　　　　　　　　　　　　　　　　　:
WILLIE THOMAS, et al.,　　　　　　　:
　　　　　　　　　　　　　　　　　　　:
Defendants.　　　　　　　　　　　:

## AFFIDAVIT

Before me, the undersigned authority, a Notary Public in and for the State of Alabama at

Large, personally appeared Mark Loman, who being known to me and being by me first

duly sworn, deposes and says:

My name is Mark Loman. I am currently employed with the Alabama Department of

Corrections as a Correctional Sergeant at Elmore Correctional Facility in Elmore, Alabama. I am

over twenty-one (21) years of age.

I hereby certify the attachments to this affidavit to be true and correct copies of my Notary

Log for the dates of March 19, 2007 through May 22, 2007. I maintain my Notary Log according

to the laws governing the duties of Notaries Public.

_____
MARK LOMAN

'STATE OF ALABAMA:
COUNTY OF ELMORE:

Sworn to and subscribed before me and given under my hand and official seal on this the
31st of May, 2007.

_____
NOTARY PUBLIC

'My Commission expires February 5, 2011

1

EXHIBIT
3

# NOTARY LOG

(Unit) **ECC**

NOTARY PUBLIC: Mark Lemon

COUNTY OF: _____

| DATE | INMATE'S NAME | A.I.S.NUMBER | ITEM NOTARIZED | N FR INT |
|------|---------------|--------------|----------------|----------|
| 3/15/07 | Beeman, Frank | D/237579 | motion for reconsideration | |
| | Jackson, Antoine | D/245123 | Rule 32 | |
| | Taylor, Jerome | D/19118 | General Power of Attorney | |
| | McClain, Ronnie | B/133858 | Complaint | |
| 3/27/07 | Lawrence, Michael | W/215593 | Bill of sale | |
| | Ragland, Jackie | D/248615 | Request for disposition | |
| | Nolan, James | D/199861 | Hardship | |
| | Mims, Christopher | W/248214 | Power of Attorney | |
| | Stebor, Harry | W/207606 | motion to plead guilty | |
| | Sundberg, Kenneth | W/157261 | Habeas Corpus Hardship | |
| | Daniels, Arthur | D/247883 | Release for Settlement | |
| | Pope, Victor | D/236821 | Deed withdrawal | |
| | Parmeter, Stanley | W/180836 | Reduction of Penalty | |
| | Rust, Matthew | W/246868 | motion for modification of sentence | |
| 4/5/07 | ~~Martin, Randall~~ ~~Johnson, David~~ | ~~W/182095~~ ~~W/196073~~ | ~~Divorce~~ ~~motion for rehearing~~ | |
| | ~~Evans, Eric~~ | ~~D/078105~~ | | |
| 4/24/07 | Smith, Cary | W/233363 | Divorce & hardship | |
| | Oliver, Darryl | D/129721 | Parole cut approval | |
| | Greither, Frankie | W/129879 | Lost property Claims | |
| | Barnes, Antonio | D/200578 | motion for Default | |
| | Smith, Patrick | D/207460 | motion for parole cut motion for clarification | |
| 4/30/07 | Starr, Todd | W/220663 | Consent to guardianship | |
| | Gilbreath, James | W/125091 | Hardship Affidavit Application to plead guilty | |
| | Brundidge, Steven | D/175281 | Representation of case | |
| | | | | |

## NOTARY LOG

(Unit) _____

NOTARY PUBLIC: _____

COUNTY OF: _____

| DATE | INMATE'S NAME | A.I.S.NUMBER | ITEM NOTARIZED | NO INT |
|------|---------------|--------------|----------------|--------|
| 7/30/07 | Singley, Christopher | W/250532 | Hardship / Divorce | |
| | Locke, Michael | W/245700 | Appl. to plead guilty | |
| | Townsend, Julius | D/230144 | Affidavit | |
| | Arnold, Atlantis | D/195105 | Affidavit | |
| | Lawrence, Michael | W/215513 | 2 Power of Attorney / 3 Affidavit | |
| 5/22/07 | McSwain, Bobby | D/174320 | Power of attorney | |
| | Young, Eddie | D/250175 | Petition for Habeus Corpus | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |